UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MYBUSINESSLOAN.COM, LLC,

      Plaintiff,

v.                                           Case No: 8:15-cv-2739-T-36JSS

FORUM NETWORKING EVENTS, INC.,
YAZIBEL HOLDINGS LLC and STEVE
PARSLOE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT

THIS MATTER is before the Court on Defendants' Motion to Quash Service of Process, Set Aside Default, and Dismiss the Amended Complaint ("Motion to Set Aside Default"). (Dkt. 30.) Defendants, Forum Networking Events, Inc. and Steve Parsloe (collectively, "Defendants"), move the Court to quash service of process, set aside the Clerk's default, and dismiss the amended complaint on the basis that Defendants were improperly served with the summons and complaint. The Court held a hearing on this matter on June 7, 2016. For the reasons that follow, it is recommended that Defendant's Motion to Set Aside Default be granted in part and denied in part.

## BACKGROUND

On November 24, 2015, Plaintiff, Mybusinessloan.com, LLC, filed a complaint against Defendants, Forum Networking Events, Inc. ("Forum"), Yazibel Holdings LLC, and Steve Parsloe for breach of contract. (Dkt. 1.) Summonses were issued to Defendants on November 24, 2015. (Dkts. 2–4.) The following day, the Court entered an Order to Show Cause as to why this action should not be dismissed for lack of subject-matter jurisdiction, finding that Plaintiff failed to

properly allege the citizenship of Mybusinessloan.com, LLC and Yazibel Holdings LLC.  (Dkt. 5.)  Plaintiff filed its Response to the Order to Show Cause on December 9, 2015, and filed three proofs of service showing that Defendants were served with a copy of the summons and the complaint on December 15, 2015.  (Dkts. 7–9.)  On January 4, 2016, the Court directed Plaintiff to file an amended complaint that properly alleged the citizenship of the parties.  (Dkt. 12.)  Plaintiff filed its Amended Complaint on January 5, 2016.  (Dkt. 15.)

On January 18, 2016, Forum filed a Motion for Extension of Time to File an Answer to the Amended Complaint, seeking a twenty-day extension on behalf of all Defendants to allow Forum to obtain new counsel and file a response to the complaint.  (Dkt. 16.)  The following day, Forum's counsel filed a Motion to Withdraw as Counsel.  (Dkt. 17.)  The Court granted both motions on February 9, 2016, directing Defendants to file a response to Plaintiff's Amended Complaint within sixty days and directing Forum to obtain new counsel within thirty days.  (Dkt. 18.)  Subsequently, attorney Michael T. Robertson filed a Notice of Appearance on behalf of Forum and Steve Parsloe on February 29, 2016.  (Dkt. 21.)  Counsel for the parties jointly filed their Case Management Report on March 25, 2016.  (Dkt. 23.)  The Court thereafter entered its Case Management and Scheduling Order on April 11, 2016.  (Dkt. 25.)

When Defendants failed to file a response to the Amended Complaint, Plaintiff filed a Motion for Entry of Clerk's Default against all Defendants for failure to plead or otherwise defend against this action.  (Dkt. 26.)  The Clerk's Entry of Default was entered on April 13, 2016, and Plaintiff filed a Motion for Default Judgment on April 18, 2016.  (Dkts. 27, 29.)  Forum and Steve Parsloe filed the instant Motion to Set Aside Default on April 22, 2016.  (Dkt. 30.)

**APPLICABLE STANDARDS**

After a complaint is filed, the plaintiff must serve the defendant with the summons and a copy of the complaint within ninety days. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A defendant must serve an answer within twenty-one days after being served with the summons and complaint, and every defense to the claims raised in the complaint must be asserted in the answer. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Alternatively, before filing an answer, a defendant may present certain defenses to the complaint by motion, including lack of personal jurisdiction and insufficient service of process. Fed. R. Civ. P. 12(b).

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. Fed. R. Civ. P. 55(a). After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default, while the more stringent provisions of Rule 60(b) only apply when a judgment has been entered). Because service of process implicates personal jurisdiction concerns, a court may have good cause to set aside an entry of default where a plaintiff's service of process is insufficient. *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014).

**ANALYSIS**

In the Motion to Set Aside Default, Defendants argue that the Court should quash service of process, set aside the Clerk's default, and dismiss the Amended Complaint because Defendants

were not properly served with the summons and the complaint, thus divesting the Court of personal jurisdiction over Defendants.  Defendants further argue that good cause exists to set aside the Clerk's default based on insufficient service of process and Defendants' efforts to defend against this action.  (Dkt. 30.)  In response, Plaintiff contends that Defendants were properly served and, if not properly served, waived any objection to service of process by participating in the litigation. Plaintiff further argues that Defendants' lack of diligence in failing to respond to the Amended Complaint does not constitute good cause to justify setting aside the Clerk's default.  (Dkt. 33.) Therefore, the Court must first consider whether service of process was proper, or whether Defendants waived their objections, and then determine whether the Clerk's default should be set aside for good cause.

### A.  Service of Process

#### 1.  Service on Forum and Steve Parsloe

Under the Federal Rules of Civil Procedure, an individual and a corporation may be served by following either the federal or state law method for effecting service.  Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  In this case, a copy of the summons and the complaint were served on both Forum and Steve Parsloe by leaving a copy of each with an employee at Forum's principal place of business. (Dkts. 7, 9.)  Although service was attempted on Forum's registered agent, service could not be effected because the address listed for the registered agent was no longer valid.  (Dkt. 33-3.)  *See* § 48.081(3)(a), Fla. Stat. (providing that process against a corporation may be served on the corporation's registered agent).  Therefore, Plaintiff properly served Forum by serving an employee at Forum's principal place of business.  (Dkt. 7.)  *See* Fed. R. Civ. P. 4(h) (providing that a corporation may be served by following state law for service in the state where the district court is located or where service is made); § 48.081(3)(a), Fla. Stat. (providing that if service of

process cannot be made on a registered agent, then service of process is permitted on "any employee at the corporation's principal place of business").

Similarly, the proof of service indicates that Steve Parsloe was served by serving his assistant, Jessica Plank, who represented that she was authorized to accept service on Mr. Parsloe's behalf. (Dkt. 9.) Although Defendants contest the assistant's authority to accept service on Mr. Parsloe's behalf and further assert that the assistant was never employed by Forum, the process server's affidavit and documents provided by Plaintiff show otherwise. (Dkts. 31, 32.) Specifically, the process server's affidavit, filed on December 18, 2015, states that he served an authorized entity by delivering the summons and complaint to Mr. Parsloe's assistant, Jessica, who stated that she was authorized to accept service for Mr. Parsloe and was informed of the documents being served. (Dkt. 9.) *See Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 693–94 (S.D. Fla. 2015) ("A process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary."). Additionally, Plaintiff offered ample evidence to show that Jessica Plank had been employed by Forum. (Dkts. 33, 37.)

As such, Plaintiff met its burden of proving that service as to Mr. Parsloe was valid, and the affidavits filed by Defendants do not constitute strong and convincing evidence of insufficient process. *See Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (providing that when service of process is challenged, the plaintiff bears the burden of establishing its validity); *Sobek Therapeutics, LLC v. SVADS Holdings SA*, 303 F.R.D. 409, 412 (M.D. Fla. 2014) (stating that the defendant must bring strong and convincing evidence of insufficient process to rebut a plaintiff's showing of sufficient process). Plaintiff thus properly served Mr. Parsloe by delivering a copy of the summons and the complaint to an agent authorized by appointment to receive service of

process.[1]  *See* Fed. R. Civ. P. 4(e)(2)(C) (providing that an individual may be served by delivering a copy of the summons and the complaint to an agent authorized by appointment to receive service of process).  Accordingly, service of process was properly effected on both Forum and Mr. Parsloe.

###  2.  **Waiver of Defenses**

Nonetheless, even if service was defective, the Court finds that Defendants waived any objection to personal jurisdiction based on insufficient service of process by failing to timely raise the objection and by actively participating in the litigation.  Generally, where service of process is insufficient, the district court has no power to render judgment and the judgment is void.  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).  However, lack of personal jurisdiction is a waivable defect, *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004), and a party waives the right to dispute personal jurisdiction based on insufficient service of process grounds if the party fails to assert that objection in a responsive pleading or Rule 12 motion, or other initial pleading or general appearance.  *Worldwide Web*, 328 F.3d at 1299; *see also* Fed. R. Civ. P. 12(b) (providing that the defense of lack of personal jurisdiction and insufficient service of process must be made in a responsive pleading or in a pre-answer motion); Fed. R. Civ. P. 12(h) (providing that a party waives certain defenses by failing to raise them in a Rule 12 motion or responsive pleading).  Additionally, under certain circumstances, a district court may infer waiver based on later conduct of the defendant found to be inconsistent with preservation of the jurisdictional objection.  *Melton v. Wiley*, 262 F. App'x 921, 923 n.5 (11th Cir. 2008).

---

[1] Mr. Parsloe is a Florida resident, (Dkt. 30 at 7 n.2), and is therefore subject to jurisdiction by Florida courts.  *See Haueter-Herranz v. Romero*, 975 So. 2d 511 (Fla. 2d DCA 2008) (providing that all Florida residents are subject to the jurisdiction of the Florida courts).  Once properly served, he permitted the Court to exercise personal jurisdiction over him.  *See Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) ("The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law.  Service of process is simply the physical means by which that jurisdiction is asserted.").

As noted above, Forum and Mr. Parsloe were served in this action on December 15, 2015, and Plaintiff filed its Amended Complaint on January 5, 2016. (Dkts. 7, 9, 15.) Upon Defendants' motion, the Court extended the deadline for Defendants to file an answer or response to the Amended Complaint from January 19, 2016, until April 11, 2016. (Dkt. 18.) *See* Fed. R. Civ. P. 15(a)(3) (providing that a response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later). To date, Defendants have yet to file an answer or responsive pleading, and the deadline to do so has passed. Instead, four months after being served (or three months after the filing of the Amended Complaint) and two weeks after the deadline to file an answer or response, Defendants filed the instant Motion to Set Aside Default in which they raise, for the first time, the defenses of insufficient service of process and lack of personal jurisdiction. (Dkt. 30.) In the interim, however, Defendants filed motions, participated in a case management conference, filed a joint case management report, exchanged initial disclosures, interacted with opposing counsel throughout the litigation, and entered a general appearance in the case without ever raising an objection to personal jurisdiction or service of process.[2] (Dkts. 16, 21, 22, 23.)

Although none of the motions or documents filed by Defendants prior to the instant Motion to Set Aside Default can be considered a responsive pleading or motion made under Rule 12, these filings demonstrate active and substantial participation in the case. Indeed, Defendants did not file a response within the time prescribed by the Court but appeared in the case and thereafter continued to participate in the litigation without raising their defenses. As such, the Court finds that

---

[2] A defendant is deemed to have waived a personal jurisdiction defense if he or she has entered an appearance. *Baragona*, 594 F.3d at 854. Pursuant to Local Rule 2.03, every pleading or paper of any kind filed by an attorney in the Middle District of Florida, unless otherwise expressly stated therein, constitutes a general appearance on behalf of the parties for whom the pleading or paper is filed. M.D. Fla. Local R. 2.03(a). On January 18, 2016, Forum entered an appearance in this case by the filing of its Motion for Extension of Time. (Dkt. 16.) Additionally, on February 29, 2016, attorney Michael T. Robertson filed a Notice of Appearance "as counsel for Defendants, Forum Networking Events, Inc. and Steve Parsloe." (Dkt. 21.) Neither of these filings contest personal jurisdiction or service of process.

Defendants' conduct is inconsistent with the preservation of the jurisdictional objection. *See Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) ("[A] defendant that ignores faulty service of process might be found to have waived one component of personal jurisdiction: the defense of improper service of process."); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir. 1990) (finding that the appellant's failure to assert the defense of insufficiency of process after having had actual notice of the action and the multiple filings constituted waiver of the defense of insufficiency of process); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent."). By failing to seasonably assert lack of personal jurisdiction based on insufficient service of process, Defendants waived these defenses.

Accordingly, the Court finds no basis to dismiss the complaint or to quash service of process as requested in Defendants' Motion. *See Pardazi*, 896 F.2d at 1317 (providing that when a defendant has waived its objection to insufficient service of process or lack of personal jurisdiction by failing to timely object, the court may not dismiss the suit for lack of personal jurisdiction or insufficient service of process); *Cavic v. Grand Bahama Dev. Co.*, 701 F.2d 879, 887 (11th Cir. 1983) (finding no error in the district court's decision to deny a party's motion to dismiss or quash on the ground that valid service had been effected).

## B.  The Clerk's Default

Having established that personal jurisdiction is proper, the Court must next address whether the Clerk's default should be set aside to allow Defendants an opportunity to have their case considered on the merits before final judgment against them is entered. A default may be set aside for "good cause." Fed. R. Civ. P. 55(c). In determining whether good cause has been shown,

courts consider the following factors: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). However, because defaults are viewed with disfavor, courts also consider the strong policy of determining cases on their merits. *Worldwide Web*, 328 F.3d at 1295.

In this case, the Court finds that Defendants' failure to respond to the complaint does not appear to have been culpable or willful. At the hearing, Defendants' counsel represented that he failed to respond to the complaint because he was not fully apprised of the status of the case by prior counsel and was under the impression that the case would be resolved through settlement negotiations. He further represented that he moved to set aside the Clerk's default and consistently demonstrated an intent to defend this action. Notably, however, Defendants had ample notice of this lawsuit and, at the very least, should have been aware of the response deadline and their duty to raise objections at the outset either by motion or responsive pleading. Although a litigant's failure to comply with court orders after having ample opportunity to comply may be deemed willful, *Compania Interamericana*, 88 F.3d at 952, consideration of the remaining factors weighs in favor of setting aside the Clerk's default.

Despite their failure to answer, Defendants have been actively litigating this case, as evidenced by their activity on the court docket and the representations of both parties as to Defendants' participation in this lawsuit. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) (declining to find that a party's failure to file an answer was willful when she had been actively litigating her case). Additionally, Defendants acted to correct the default by moving

to set aside the Clerk's default ten days after it had been entered and three months after the filing of the Amended Complaint.  Given this short lapse in time and the early stages of this case, the Court finds that setting aside the default would not prejudice Plaintiff.  Further, Defendants have asserted a meritorious defense to the allegations against them, namely that Plaintiff violated the agreements upon which the Amended Complaint is based.  (Dkt. 35.)  *See USA Flea Mkt., LLC v. EVMC Real Estate Consultants, Inc.*, 248 F. App'x 108, 111 (11th Cir. 2007) (finding that good cause existed to vacate a default when the party's failure to respond in a timely manner to the complaint was not willful, the party acted promptly to vacate the default once counsel was obtained, a meritorious defense was asserted, and the opposing party would suffer no prejudice if the default was vacated).  The Court is also mindful of the strong preference that cases be heard on the merits and that litigants be afforded their day in court.  *Perez*, 774 F.3d at 1342 (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  Accordingly, it is

**RECOMMENDED**:

1. Defendants' Motion to Quash Service of Process, Set Aside Default, and Dismiss the Amended Complaint (Dkt. 30) be **GRANTED** in part and **DENIED** in part as follows:

   a. Defendants' Motion to Quash Service of Process be **DENIED**.

   b. Defendants' Motion to Set Aside Default be **GRANTED**.

   c. Defendants' Motion to Dismiss the Amended Complaint be **DENIED**.

2. The Entry of Clerk's Default (Dkt. 27) be **SET ASIDE** as to Defendants, Forum Networking Events, Inc. and Steve Parsloe.[3]

---

[3] Defendants' Motion seeks relief as to only Forum Networking Events, Inc. and Steve Parsloe.  Accordingly, this Report and Recommendation should not be construed to apply to Defendant Yazibel Holdings, LLC, namely the Entry of Clerk's Default as to Yazibel Holdings, LLC, or Plaintiff's Motion for Default Judgment as to Yazibel Holdings, LLC.  (Dkts. 27, 29.)

3.  Defendants, Forum Networking Events, Inc. and Steve Parsloe, be directed to file a responsive pleading within a time prescribed by the Court.

**IT IS SO REPORTED** in Tampa, Florida, on June 10, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties